UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLIVIA MORA,

Plaintiff,

v.

ROBERT J. BARNHART, et al.,

Defendants.

CASE NO. C12-2215JLR

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Before the court is the United States Equal Employment Opportunity Commission's ("EEOC") motion to dismiss Plaintiff Olivia Mora's 42 U.S.C. § 1983 complaint alleging violations of her rights under the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990. (Mot. (Dkt. # 12); Compl. (Dkt. # 1).) The EEOC filed this motion on behalf of Defendant Robert J. Barnhart, Director, Compliance

& Control Division, Office of Federal Operations, EEOC.[1] (Mot. at 3.) This is an employment discrimination case arising from Ms. Mora's application for employment with the United States Department of Commerce, Bureau of Census ("Census Bureau"). (Mora Stmt (Dkt. # 14) at 1.) In 2009, Ms. Mora applied to work for the Census Bureau's Seattle Local Census Office, but she was denied employment after failing the pre-employment examination. (*Id.*) Ms. Mora alleges that the Census Bureau discriminated against her based on her disability by denying her request for a proctor to administer the examination. (*Id.*)

At some point before the present case, the EEOC adjudicated Ms. Mora's claim against the Census Bureau. (*Id.*; Mot. at 4.) On December 19, 2012, Ms. Mora filed her complaint against several named employees of the Census Bureau and the EEOC, including Mr. Barnhart. (*See generally* Compl.) In her complaint, Ms. Mora alleges violations of her civil rights but does not describe specific actions taken by the EEOC or its employees. (*Id.* at 9; Mora Stmt at 1.) The EEOC filed its motion to dismiss Ms. Mora's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Mot. at 4, 6.) The court has considered the parties' submissions

---

[1] Ms. Mora appears to bring this suit against Defendant Barnhart in his official capacity. (*See* Compl. Civil Cover Sheet (Dkt. # 1-1).) For clarity, the court assumes without deciding that this is a case against Mr. Barnhart in his official capacity and refers to Defendant Barnhart throughout this order as "EEOC." *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (concluding that a suit against a government employee in his or her official capacity is the same as a suit against the government entity employing that person). The court's analysis applies equally to government employees sued in their official and individual capacities unless otherwise specified.

filed in support of and opposition to the motion, and the applicable law. For the reasons stated below, the court GRANTS the motion to dismiss Ms. Mora's claims against the EEOC for failure to state a claim upon which relief can be granted. Although the court makes no determination as to the merits of Ms. Mora's claims, she cannot proceed against the EEOC or its employees under these circumstances pursuant to 42 U.S.C. § 1983 or any other statute.

## II. BACKGROUND

This is an employment discrimination action for damages brought by Plaintiff Ms. Mora on December 19, 2012. (Compl. at 9; Compl. Civil Cover Sheet (Dkt. # 1-1).) Ms. Mora applied to work for the Census Bureau in February 2009, and informed the Bureau that she would require disability accommodations during the application process. (Compl. at 9.) Specifically, Ms. Mora requested a proctor to help administer the Census Bureau's pre-employment examination. (*Id.*) After the Bureau denied her request for a proctor, Ms. Mora took and failed the pre-employment examination. (Mora Stmt. at 1.) The Census Bureau then denied her application for employment. (*Id.*) Ms. Mora alleges that the Census Bureau violated her rights under the Rehabilitation Act and the Americans with Disabilities Act ("ADA") by denying her request for a proctor and then denying her employment application. (*Id.*; Compl. Civil Cover Sheet at 1.)

At some point, Ms. Mora brought her claims against the Census Bureau before the EEOC.[2] (Mora Stmt. at 1; Mot. at 4.) The court infers from the instant lawsuit against both the Census Bureau and the EEOC that Ms. Mora was dissatisfied with the EEOC's handling of her claims. Ms. Mora does not challenge any specific actions taken by the EEOC, but does state that she feels the system addressing her complaints "has been unfair and neglectful." (Mora Stmt. at 1.) Ms. Mora also states that "all of her appeals in this matter have been denied," presumably by the EEOC. (*Id.*)

The EEOC moves to dismiss Ms. Mora's case against it for lack of subject matter jurisdiction and failure to state a claim. (Mot. at 4, 6.) Specifically, the EEOC alleges that Title VII of the Civil Rights Act of 1964 does not grant subject matter jurisdiction over suits against the EEOC in its enforcement capacity, and that sovereign immunity bars Ms. Mora's suit against Mr. Barnhart in his official capacity for money damages. (*Id.* at 4-6.) The EEOC also argues that Ms. Mora has failed to state a claim upon which relief can be granted because Title VII creates no express or implied right of action in this case, and 42 U.S.C. § 1983 does not permit suits against federal employees acting under the color of federal law. (*Id.* at 6-10.)

## III. ANALYSIS

### A. Legal Standard

The EEOC moves to dismiss Ms. Mora's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure

---

[2] It is not clear from the record exactly when Ms. Mora filed a complaint with the EEOC against the Census Bureau.

to state a claim upon which relief can be granted, respectively. (Mot. at 4, 6.) Dismissal under Rule 12(b)(6) may be based on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The court liberally construes *pro se* pleadings. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Proceeding *pro se*, Ms. Mora claims violation of her rights pursuant to 42 U.S.C. § 1983. (*See generally* Compl.) However, plaintiffs alleging employment discrimination in violation of the Rehabilitation Act and the ADA may also have causes of action under Title VII of the Civil Rights Act of 1964. *See* 29 U.S.C. § 794a; 42 U.S.C. § 12117. The court therefore considers Ms. Mora's claims under both 42 U.S.C. § 1983 and Title VII.

**B. Plaintiff's Claim Under 42 U.S.C. § 1983**

In order to sustain her 42 U.S.C. § 1983 claims against the EEOC, Ms. Mora must establish that she suffered a violation of her rights protected by federal law and that this violation was proximately caused by the EEOC acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, § 1983 only provides a remedy against persons acting under the color of *state* law. *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d

1250, 1257 (9th Cir. 2008). Federal officials acting under federal authority are only liable under § 1983 if they act in concert with state officials to a substantial degree. *Cabrera v. Martin*, 973 F.2d 735, 742 (9th Cir. 1992).

In this case, the court finds that the EEOC did not act under color of state law. The EEOC is a federal agency, the officials who allegedly mishandled Ms. Mora's claims acted under color of federal law, and Ms. Mora alleges no collusion between the EEOC and any state actors. (*See generally* Compl.; Mora Stmt.) Accordingly, the court dismisses Ms. Mora's § 1983 claims against the EEOC for failure to state a claim, pursuant to Rule 12(b)(6). *See Newsome v. EEOC*, No. 3:97-CV-3172-G, 1998 WL 792502, at *3 (N.D. Tex. Nov. 5, 1998) (dismissing plaintiff's 42 U.S.C. § 1983 claim against the EEOC because the "EEOC is a federal agency, and the EEOC officials who investigated, or failed to investigate, [the plaintiff's] claims were acting under color of federal law"); *cf. Humbarger v. EEOC*, 196 F. App'x 520, 521 (9th Cir. 2006) (unpublished) (upholding the district court's dismissal of the plaintiff's 42 U.S.C. § 1983 action against the EEOC because "there is no express or implied cause of action against the EEOC or its employees by the employee of a third party who is unhappy with the EEOC's process of his claim").

**C. Plaintiff's Claim Under the Rehabilitation Act and the Americans with Disabilities Act**

Liberally construing her *pro se* pleadings, the court now examines whether Ms. Mora has a cause of action against the EEOC independent from 42 U.S.C. § 1983. Ms. Mora alleges violations of her rights under the Rehabilitation Act and the ADA. (Compl.

at 9.) Although Ms. Mora cannot proceed with her § 1983 claims against the EEOC, the Rehabilitation Act (specifically 29 U.S.C. § 794a) and the ADA (specifically 42 U.S.C. § 12117) incorporate the enforcement provisions of Title VII of the Civil Rights Act of 1964. *See Carey v. Johnson*, 250 F. App'x 781, 781 (9th Cir. 2007) (unpublished) (noting that the ADA "incorporates the powers, remedies, and procedures of Title VII" of the Civil Rights Act of 1964); *Golyar v. McCausland*, 738 F. Supp. 1090, 1095-96 (W.D. Mich. 1990) (noting that the Rehabilitation Act "provides that the provisions of § 717 of Title VII of the Civil Rights Act of 1964 shall apply to such a claim"). The court thus examines whether Title VII provides a cause of action against the EEOC under Ms. Mora's circumstances.

Title VII empowers the EEOC to bring suit against allegedly discriminating employers. *See* 42 U.S.C. § 2000e-5. This statute also creates a private cause of action permitting employees to sue their employer if the EEOC does not proceed. *Id.* In either scenario, the employer is the proper defendant and "only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC." *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983). Ms. Mora's complaints are directed at the Census Bureau. (*See generally* Compl.; Mora Stmt.) She was never employed by the EEOC, never applied for employment at the EEOC, and does not allege any unlawful employment practices committed by the EEOC. (*Id.*) Ms. Mora thus has no express cause of action against the EEOC under Title VII. *Ward*, 719 F.2d at 313; *see also Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either

expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."); *McCottrell v. EEOC*, 726 F.2d 350, 350 (7th Cir. 1984).

The court also finds that Title VII does not create an implied right of action by Ms. Mora against the EEOC in its enforcement capacity. Courts imply a private right of action under a statute when Congress intended to create this remedy. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy."). By enacting Title VII, Congress intended to create a private right of action against the *employer*—rather than the EEOC—in order to remedy the EEOC's mishandling of a discrimination charge. *Ward*, 719 F.2d at 313. In fact, "to imply a cause of action against the EEOC would contradict Title VII's policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the EEOC in fruitless litigation with charging parties." *Smith*, 119 F. 3d at 34 (quoting *Ward*, 719 F.2d at 313). Ms. Mora has no implied cause of action against the EEOC for allegedly mishandling her employment discrimination claim because Title VII's legislative history "strongly indicated that Congress did not intend to imply a private cause of action against the EEOC." *Ward*, 719 F.3d at 313; *see also Smith*; 119 F.3d at 34; *McCottrell*, 726 F.2d 351 (concluding that Title VII does not

create "an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge").[3]

For similar reasons, the court also finds that Ms. Mora does not have a private cause of action against the EEOC pursuant to the Administrative Procedure Act ("APA"). Under the APA, "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. Even if the EEOC's actions in this case constitute "final agency action," the APA does not provide Ms. Mora a cause of action because the statutory requirement that there be "no other adequate remedy in a court" is not met. *Ward*, 719 F.2d at 314. As previously explained, Congress intended plaintiffs like Ms. Mora to remedy the EEOC's alleged mishandling of a discrimination charge by directly suing an employer in federal court. *Id.* The APA does not provide Ms. Mora with a private cause of action against the EEOC because Congress provided her with an adequate remedy in court: a suit against the Census Bureau for allegedly discriminating based on Ms. Mora's disability. *Id.* (quoting *Hall v. EEOC*, 456 F. Supp. 695, 701 (N.D. Cal. 1978)).

Finally, Ms. Mora does not have an implied right of action against the EEOC or its employees pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

---

[3] The court would not reach a different conclusion if Ms. Mora proceeded against Mr. Barnhart in his individual capacity. "The head of the governmental entity alleged to have discriminated is the *only* proper defendant in a suit under Title VII." *Adams v. United States*, 932 F. Supp. 660, 664 n.3 (E.D. Pa. May 7, 1996) (emphasis added). Mr. Barnhart is not a proper defendant in this case because Ms. Mora does not allege discrimination by the EEOC, Mr. Barnhart, or any other EEOC employee, and never sought employment with the EEOC. (*See generally* Compl.; Mora Stmt.)

*Narcotics*, 403 U.S. 388 (1971). A *Bivens* action exists where the U.S. Constitution itself implies a right of action against federal employees who violate a plaintiff's constitutional rights while acting under color of federal law. *See Wilkie v. Robinson*, 551 U.S. 537, 549-50 (2007). Courts generally will not imply a *Bivens* action where there exists an "'alternative, existing process' capable of protecting the constitutional interests at stake" because such an alternative constitutes "a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy." *Minneci v. Pollard*, 132 S. Ct. 617, 623 (2012) (quoting *Wilkie*, 551 U.S. at 550). The court will not imply a *Bivens* action in this case because Ms. Mora has an adequate remedy for the EEOC's alleged mishandling of her claims against the Census Bureau: a suit against the Census Bureau itself. *See Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 18 (1st Cir. 1979) (refusing to imply a *Bivens* action against the EEOC where the plaintiff employee could pursue an action against the allegedly discriminatory employer under Title VII).

## IV. CONCLUSION

For all of the reasons stated above, the court GRANTS the EEOC's motion to dismiss Ms. Mora's case for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).[4] Ms. Mora may not proceed with her suit against the EEOC or its employees under 42 U.S.C § 1983 because § 1983 permits suits only against persons acting under the color of state law. Moreover, Ms. Mora has no express or implied cause

---

[4] Because the court dismisses Ms. Mora's case against the EEOC for failure to state a claim upon which relief can be granted, the court does not address the EEOC's arguments that the court should dismiss for lack of subject matter jurisdiction or on sovereign immunity grounds. (*See generally* Mot.)

of action against the EEOC arising from the Rehabilitation Act, the ADA, Title VII of the Civil Rights Act of 1964, or the APA, and does not have an implied *Bivens* action because in this context Congress specifically intended employees like Ms. Mora to file suit against allegedly discriminating employers rather than the EEOC.

Dated this 22nd day of May, 2013.

JAMES L. ROBART
United States District Judge